U.S. DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES AKRIDGE §<br>6927 Malachite Pl. §<br>Capital Heights, MD 20743 §<br> §<br>Plaintiff, §<br> §<br>v. §<br> §<br>GALLAUDET UNIVERSITY §<br>800 Florida Avenue, N. E. §<br>Washington, DC 20002 §<br> §<br>Defendant. §<br> §<br>_____§ | Civil Action No._____ |

### PLAINTIFF'S ORIGINAL COMPLAINT OF EMPLOYMENT DISCRIMINATION

### A. COMPLAINT

1.    **COMES NOW** Plaintiff, James Akridge, by and through his attorney C. Sukari Hardnett, and for his complaint of employment discrimination based on race, retaliation, and disability against Defendant, Gallaudet University, states as follows.

### B. Prefatory Statement

2.    This complaint involves discriminatory actions and activities of the Defendant Gallaudet University. The Plaintiff proffers that the treatment was illegal, improper and was based upon his race, gender and disability and in retaliation for participation in prior acts of protected activity.

1

### C. Parties

3.      The Plaintiff is an individual who is, and all times relevant herein, a resident of the State of Maryland.  He is, and at all times relevant herein, an employee of the Defendant Gallaudet University within the meaning of 42 U.S.C. § 2000e(f).

4.      Defendant, Gallaudet University, is an educational institution which provides educational training and services to students who primarily have special needs. Defendant is an employer within the meaning of Title VII. as defined by 42 U.S.C. §§ 2000e(b), 2000e-16 with over 500 employees.  {*42 U.S.C. §2000e(b)*}

### B. Jurisdiction

5.      That the jurisdiction of this matter is invoked pursuant to 28 U.S.C.§ 1343 (a) (4), 28 U.S.C.§ 1331, *42* U.S.C. §2000e-5 (f),29 U.S.C. §12101 et. Seq. This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, *42* U.S.C. §2000e-2, the Americans with Disabilities Act (ADA) of 1990 and the D.C. Human Rights Act of 1977. Plaintiff received a Notice of Right to Sue from the EEOC dated November 23, 2005 on December 1, 2005.

### C. Venue

6.      This action lies in the U.S. District Court for the District of Columbia, pursuant to 28 U.S.C. §1391 (b), because the claim arose in the District of Columbia, pursuant to 42

U.S. C. §2000e-5 (f) (3), and the unlawful acts which are described herein occurred within the District of Columbia.

### D.  Exhaustion of Administrative Procedures

7.      The Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission (EEOC), under charge numbers 10C-2005-00026, charging the Defendant with discrimination. Plaintiff received a Notice of the Right to Sue from the EEOC within 90 days of the filing of this complaint. A copy of the Notice of the Right to Sue is attached as Exhibit 1.  *42 U.S.C. §2000e-5(f)(1)*

### E.  Factual Allegations

8.      Plaintiff is a disabled, African-American male who has been an employee of the Defendant, Gallaudet University since 1992 and is presently employed as an Academic Counselor by the Defendant.

9.      Plaintiff alleges that during his employment with the Defendant he has been subjected to discriminatory actions that have resulted in his delayed employment advancement, emotional distress, and mental anguish.

10.     Specifically, Plaintiff alleges that he applied for the position of Career Center Director and was excluded from the pool of applicants because he was told by an agent of the Defendant that they were only considering applicants from outside of the University.

11.     Plaintiff alleges that he discovered a list of the applicants that the Defendant planned to interview and the list contained the names of two co-workers obviously from within the University.

12.     Plaintiff alleges that he met with Defendant's Associate Dean, to discuss what he had discovered. During this meeting, Plaintiff alleges that the Associate Dean told him that he was qualified for the position, but his application was not considered and his name was not placed on the list.

13.     Some time after this meeting, Plaintiff received email dated April 20, 2004, from Stephanie Walden stating that she was in the process of setting up an interview date for him. The email also contained a schedule of each candidate's presentation, which Plaintiff was not listed as a participant and excluded. All the candidates were being interviewed between April 20 and April 26, 2004.

14.     Plaintiff later received a letter dated April 22, 2004, stating the time and location of his interview. Plaintiff's interview was scheduled for May 3, 2004.

15.     Plaintiff was not selected for the position. A non- disabled, white male, who could not sign and was less qualified than Plaintiff was selected for the position.

### F.  Count 1 - Discrimination Under Title VII

16.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 12, inclusive, and incorporates the same by reference as though set forth fully herein.

17.     Defendant intentionally discriminated against Plaintiff based on his race and gender in violation of Title VII when Defendant, through its employees and agents, wrongfully delayed Plaintiff's employment advances and condoned the retaliatory and hostility directed against Plaintiff after he sought advancement in his employment.

18.     The Defendant has further perpetuated this discriminatory treatment on Plaintiff by hiring a White male, who was not disabled and was less qualified than Plaintiff. Plaintiff is a physically disability African American male and has the ethnic and physical characteristics of that ancestry.

19.     Defendant alleged that the Plaintiff was not qualified and did not demonstrate any knowledge or skills related to career development in a higher education setting. They allege that Plaintiff was not prepared for the interview and his poor performance in the interview reflected his inexperience in the field. Plaintiff avers that Defendant's reasons for not selecting him for the position is pretext for discrimination.

20.     The person selected did not have any experience working with the disable population. In particular, he did not have a working knowledge of the psychological, social, cultural and vocational aspects of deafness.

21.     Plaintiff proffers that the Defendant has a history of discriminating against African Americans and that Plaintiff has in the past filed complaints and participated in protected activity.

22.     Plaintiff believes that Defendant's adverse action was in retaliation to Plaintiff's prior EEO activity.

23.     Plaintiff was injured by Defendant's unlawful conduct, including but not limited to, the loss of income caused by the refusal to hire. These injuries include the following: the loss of reasonable expectations, pain, suffering, and humiliation caused by such unlawful treatment, and other consequential damages, including, but not limited to financial hardship, denial of experience and training flowing from Defendant's unlawful actions.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $150,000 dollars on the count of race discrimination pursuant to Title VII and grant such further relief as this Court deems appropriate.

### G. Count 2 – Discrimination Under the Americans with Disabilities Act

24.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22, inclusive, and incorporates the same by reference as though set forth fully herein.

25.     Plaintiff is disabled, as defined by the Americans with Disabilities Act (ADA). *42 U.S.C. §§12102, 12111(8)* Plaintiff is hearing impaired which limit his major life activities. He is otherwise qualified to perform the essential functions of the position he requested.

26.     Defendant is an employer within the meaning of the ADA and has over 500 employees.

27.     Defendant violated the ADA by intentionally discriminating against Plaintiff because of his disability. Defendant's discriminatory acts include denial of consideration and non-selection. *42 U.S.C. §12112*

28.     Defendant had knowledge of Plaintiff's disability prior to his employment application.

29.     Plaintiff is qualified to hold his current position and the position he applied for as Director, Career Center.

30.     Plaintiff could perform the essential job functions of the position he applied for and was not selected.

31.     The Defendant has further perpetuated this discriminatory treatment on Plaintiff by hiring a person who had no experience with the disabled community, in particular the hearing impaired and who was less qualified than Plaintiff.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment on Plaintiff's behalf, in the amount of $150,000 dollars, on the count of disability-based discrimination pursuant to the ADA and grant such further relief as follows:

a. Defendant is permanently order to stop all discrimination against Plaintiff on any basis forbidden by law.

b. Defendant is ordered to hire Plaintiff into a senior-level position comparable to the position that Plaintiff was not selected, with full benefits pay, training and seniority from the date of his application.

c. Plaintiff be awarded equitable relief as well as actual damaged as this Court shall determine

d. Defendant's conduct was an intentional and willful violation of Title VII, the ADA and the D.C. Human Rights Act.

e. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k), the ADA, 42 U.S.C. §12112 and under the D.C. Human Rights Act.

**f. Jury Demand.**

Respectfully submitted,

_____

C. Sukari Hardnett, Esq. Bar # MD14840
Counsel for Plaintiff
Hardnett & Associates
1111 Bonifant Street
Silver Spring, MD 20910
301-587-7001 (phone)
301-587-7002 (fax)

| | |
|---|---|
| Filename: | Complaint |
| Directory: | A: |
| Template: | C:\Documents and Settings\Sukari Hardnett\Application Data\Microsoft\Templates\Normal.dot |
| Title: | U |
| Subject: | |
| Author: | Sukari Hardnett |
| Keywords: | |
| Comments: | |
| Creation Date: | 2/27/2006 9:36 PM |
| Change Number: | 2 |
| Last Saved On: | 2/27/2006 9:36 PM |
| Last Saved By: | Sukari Hardnett |
| Total Editing Time: | 3 Minutes |
| Last Printed On: | 2/27/2006 9:37 PM |
| As of Last Complete Printing | |
|    Number of Pages: | 8 |
|    Number of Words: | 1,864 (approx.) |
|    Number of Characters: | 10,198 (approx.) |