## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMES  C. AKRIDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case Number: 1:06CV00346** |
| | ) | |
| **GALLAUDET UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## INTERROGATORIES OF DEFENDANT
## GALLAUDET UNIVERSITY TO PLAINTIFF

TO:    James C. Akridge
        c/o C. Sukari Hardnett, Esquire
        Hardnett and Associates
        1111 Bonifant Street
        Silver Spring, Maryland 20910

FROM:    Christopher E. Hassell #291641
        Heather S. Deane #471834
        BONNER KIERNAN TREBACH & CROCIATA
        1233 20th Street, N.W., 8th Floor
        Washington, DC 20036

### GENERAL INSTRUCTIONS

These Interrogatories are continuing in character, so as to require you to file supplementary answers if you obtain further of different information before trial.

Where the name or identity of a person is requested, please state the full name, home address and business address, if known.

Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the events mentioned or complained of in the pleadings.

DEFENDANT'S
EXHIBIT

1

Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his attorneys.

The pronoun "you" refers to the party to whom these Interrogatories are addressed and the persons mentioned above.

The term "acts of discrimination" refers to all acts or omissions by Defendant of which you complain in this action.

## **INTERROGATORIES**

1.    State the names of all your employers for the past twenty years, your wages and duties (including all tasks involved) for each such employment, and the reason for termination of any employment.

2.    State all addresses at which you have resided for the past twenty years, and the dates thereof.

3.    Name all persons having personal knowledge of information regarding liability, causation, or the claims for damages in this action and include a brief statement of facts of why the person has knowledge.

4.    Itemize the expenses paid or incurred by you or any other economic loss (including past or future wage loss) you claim resulted from the acts of discrimination claimed by you, and identify all bills, receipts, tax returns, reports, and other documents supporting such claims.

5.    Name all physicians, hospitals, therapists, psychologists, counselors, or other healthcare providers who have given you treatment as a result of the acts of discrimination of Defendant.

6.      State the names and addresses of all expert witnesses whom you expect to call as witnesses to the trial of this matter (this is not limited to retained experts, but includes all persons who you intend to qualify as an expert, including treating physicians) and state the subject matter on which the expert is to testify, the substance of the facts and opinions to which the expert is to testify, and a summary of the grounds for each opinion.

7.      Describe in detail any conversations, discussions or statements (oral, written, and/or recorded) by any agent, servant or employee of the Defendant which could be construed as, or admitted as, evidence during the trial of this case as a party admission and/or admission against interest.  As to each such statement, state the substance of each statement, the place and date when the statement was made, and identify the person making the statement, the person to whom it was made, and all documents concerning the statement.

8.      Have you ever filed any other claim, complaint or lawsuit against any individual or company?  If so, state the name of the individual or company, the date of the claim, complaint or lawsuit, the court (administrative agency) and jurisdiction where the suit was filed and the case number, the circumstances of the claim, complaint or lawsuit, and the outcome thereof.

9.      State whether you have ever been arrested and/or charged with a criminal offense, and/or convicted of a criminal offense, and if so, state the nature of the alleged offense, the jurisdiction of the alleged offense, the case number of any proceeding to adjudicate the offense; and the disposition of any proceeding related to the offense.

10.      Have you ever suffered from any mental or emotional illness or disturbance?  If so, state the nature of the mental/emotional illness/disturbance, any treatment you received for same and the health care provider who provided such treatment.

11.    List your understanding of the job qualifications for the position of Director of the Career Center and indicate which of the job qualifications you fulfilled.

12.    State, with specificity, what qualifications you believe made you the best candidate for the position of Director of the Career Center.

13.    State, with specificity, why you believe that the individual who ultimately was chosen as Director of the Career Center was less qualified than yourself.

14.    State, with specificity, all facts that support your allegation that you were not awarded the position of Director of the Career Center due to your sex, race, education, and / or disability.  In your answer, identify all persons who actions or statements you describe, identify the date on which such actions or statements took place, and identify the area or place where the actions or statements occurred.

15.    Other than the actions listed in your Answers to Interrogatories, above, state, with specificity, any other disparate treatment you contend you were subjected to by Defendant as a result of your disability, race, and/or gender state the factual basis for your contention that such treatment is related to your disability, race, and/or gender.

16.    State the date listed on the "Notice of Right to Sue" letter, the date you received such letter, and the means (Federal Express, U.S. postal delivery, courier, facsimile, etc.) by which you received such letter.

17.    Describe each and every attempt that you made to resolve your allegations of discrimination through the internal grievance process, the EEO process, or any other formal / informal process prior to the filing of this suit.

18.    Describe, with specificity, any and all "loss of income," "loss of reasonable expectations," "pain," "suffering," "humiliation," "financial hardship," and "denial of experience and training" because of the alleged discriminatory practices of Defendant.

19.    For each job / position that you applied for outside of Gallaudet University since 1987, state the name of the position applied for, the organization or company offering the position, the job qualifications of the position, and the salary offered.

20.    For each job / position listed in your answer to Interrogatory #24 state the date you applied for the job / position, whether you had an interview, the date of the interview, with whom you interviewed., whether you received an offer for employment, and, if no offer for employment was made, the reason that your application was rejected.

21.    State, with specificity, any and all non-economic losses that you are claiming in this case and state each and every fact that supports such non-economic losses.

22.    State, with specificity, each occasion on which the Defendant "through its employees and agents, wrongfully delayed Plaintiff's employment advances and condoned the retaliatory and hostility directed against Plaintiff after he sought advancement in his employment" as described in Paragraph 17 of the Complaint and state each and every fact in support of this allegation.

23.    State, with specificity, each and every fact in support of your allegation that the Defendant's reasons for not selecting Plaintiff for the position of Director of the Career Center "is pretext for discrimination" as outlined in Paragraph 19 of the Complaint.

24.    State, with specificity, all facts that support your claim that "Defendant's adverse action was in retaliation to Plaintiff's prior EEO activity" as set forth in Paragraph 22 of the Complaint.

Dated: January 18, 2007

GALLAUDET UNIVERSITY
By Counsel

BONNER KIERNAN TREBACH & CROCIATA

_____
Christopher E. Hassell #291641
Heather S. Deane #471834
1233 20th Street, N.W., 8th Floor
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (facsimile)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of January, 2007, a true and correct copy of the *Interrogatories of Defendant Gallaudet University to Plaintiff* was served via United States Mail, first class, postage prepaid upon:

Sukari Hardnett, Esquire
Hardnett and Associates
1111 Bonifant Street
Silver Spring, Maryland 20910

_____
Heather S. Deane

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JAMES C. AKRIDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case Number: 1:06CV00346** |
| | ) | |
| **GALLAUDET UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## REQUESTS FOR PRODUCTION OF DOCUMENTS OF DEFENDANT GALLAUDET UNIVERSITY TO PLAINTIFF

TO:    James C. Akridge
        c/o C. Sukari Hardnett, Esquire
        Hardnett and Associates
        1111 Bonifant Street
        Silver Spring, Maryland 20910

FROM:   Christopher E. Hassell #291641
          Heather S. Deane #471834
          BONNER KIERNAN TREBACH & CROCIATA
          1233 20th Street, N.W., 8th Floor
          Washington, DC 20036

## INSTRUCTIONS

1.      These requests are directed to Plaintiff James C. Akridge and to all documents and things in his possession or in the possession of any company or business entity in which he holds a majority or controlling ownership interest, or in the possession of his employees, accountants, investigators, agents, attorneys and other representatives, acting in their capacity as such.

2.      Should Plaintiff assert one or more privileges to deny the production of any document, Defendant requests individual identification of each such document by date created, type and author, or by such other method (such as indexing by number of letter) by which each

such document may be identified for purposes of Motion, and specific identification of the privilege(s) asserted by which the production of each such document is denied.

3.     These requests are ongoing, and Defendant requests that Plaintiff forward such additional material as may be discovered during the pendency of this litigation, and following Plaintiff's production in response to these requests, in accordance with the Federal Rules.

4.     Unless otherwise noted, all documents requested shall be produced in original, excepting those of which Plaintiff, his employees, accountants, investigators, agents, attorneys and other representatives do not possess originals.  For such documents, a copy may be substituted.

5.     All documents produced shall be grouped and identified, according to the Request(s) to which their production corresponds.

## DEFINITIONS

1.     The term "Plaintiff" as used herein refers to James Akridge.

2.     The terms "you" or "your" as used herein refer to Plaintiff, and to his employees, accountants, investigators, agents, attorneys and other representatives acting in their capacity as such.

3.     The terms "occurrence" or "incident" as used herein refer to the alleged incident(s) of employment discrimination as alleged in Plaintiff's Complaint for Employment Discrimination and for which Plaintiff seeks damages in this action.

4.     The terms "document" and "record" as used herein refer to all forms of written or stored communication, including but not limited to letters, e-mails, telexes, logs, journals, notes, photographs, recordings medical bills, medical records, medical notes and studies, and all other forms of written and electronically or magnetically stored information.

2

69089-1

## REQUESTS

1.      All documents pertaining to any investigation undertaken by or on behalf of Plaintiff regarding the alleged discrimination by Gallaudet University

2.      All photographs, sketches, drawings, diagrams, and/or any other tangible objects associated with your allegations of discrimination against Gallaudet University.

3.      All recorded, written, or transcribed statements from persons who witnessed any discriminatory statements and/or actions, have any knowledge regarding the alleged discriminatory statements / actions, or have information regarding your injuries or damages.

4.      All diaries, calendars, books, ledgers, records, personal notes, or other documents or collections of documents prepared by you which describe, either directly or indirectly, your physical and/or mental condition, the incident(s) and/or your impressions of the incident(s), and/or any other matters related to your claim.

5.      Plaintiff's personal and business calendar from the date of his hire by Gallaudet University through the present.

6.      All documents which form the evidentiary basis for the damages you are claiming as a result of the alleged discrimination and which support the itemization of special damages set forth in response the accompanying Interrogatories.

7.      All medical records and reports describing the nature and extent of the injuries sustained by you as a result of the alleged discrimination by Gallaudet University.

8.      The complete file for this matter of each witness who will testify as an expert on your behalf at trial or who will offer expert opinions at trial.

69089-1

9.    A current *curriculum vitae* of each expert witness who will testify as an expert on your behalf at trial or who will offer expert opinions at trial.

10.    All records, including but not limited to reports, bills, orders, notes and test results, or any other documents which were created or generated by the provider(s) of any medical or mental health care for treatment received by Plaintiff claimed to be related to or caused by the alleged discrimination by Gallaudet University.

11.    All records concerning any other litigation in which you have been involved as set forth in response to the accompanying Interrogatories.

12.    All reports relating to past lost wages, future lost wages, or lost earning capacity.

13.    Your local, state, and federal income tax returns, and your Federal and State W-2 forms and Federal W-4 forms, from the time of that you began employment with Gallaudet University to present.

14.    All documents which were referred to in answering the accompanying Interrogatories.

15.    All records, including but not limited to prescriptions, labels, bills and receipts, of Plaintiff's purchase or use of any drugs or medications of any substance, type or form from January 1, 1995, to the present.

16.    All records of any written or oral communication (including but not limited to statements) memorializing communication with any person regarding the discrimination allegedly practiced by Defendant.

17.    All records of any communication with Defendant's employees, agents, attorneys or other representatives, by or on behalf of Plaintiff, including but not limited to letters, memoranda, and notes of telephone conversations or other conferences.

69089-1

18.     All records relating or pertaining to Plaintiff's injuries and damages as set forth in the Complaint for Employment Discrimination.

19.     All records pertaining to any criminal investigation of or proceeding against the Plaintiff, including but not limited to arrests, charges, indictments, and convictions or acquittals.

20.     If Plaintiff has been convicted of any crimes, all records of Plaintiff's conviction(s) for felonies or crimes involving moral turpitude.

21.     All documents or other tangible objects that may be used as Exhibits in a trial of this matter.

22.     All reports and/or correspondence concerning this case produced by any expert retained by Plaintiff.

23.     All documents, texts, journal articles or other written materials relied upon by any expert retained in this matter.

24.     All employment applications submitted by you to any potential employer for any job / position in the past fifteen (15) years.

25.     Any and all versions of your resume used for the past fifteen (15) years.

26.     All correspondence, letters, e-mails, or other documents from any potential employer or former employer, to whom you submitted an application for any job / position in the past fifteen (15) years.

27.     Written job qualifications for each job / position to which you submitted an application for employment in the last fifteen (15) years.

28.     Any advertisements, listings, or other descriptions of any job / position to which you submitted an application for employment in the last fifteen (15) years.

69089-1

29.    All documents that support your claim that you were denied a job / position at Gallaudet University because of your disability, race and/or gender.

30.    All documents that support your claims of any other type of disparate treatment that you allege as a result of your disability, race, and/or gender.

31.    A copy of the "Notice of Right to Sue" letter, any paperwork that accompanied the letter, and any documents that prove the date upon which you received such letter.

32.    All documents related to your attempts to resolve your allegations of discrimination through the internal grievance process, the EEO process, or any other formal / informal process prior to the filing of this suit.

33.    All documents that support your claim for non-economic losses.

34.    All documents that support your claim that Defendant's decision not to hire you as Director of the Career Center was "in retaliation for participation in prior acts of protected activity" as described in your Complaint.

35.    All documents that support your allegation that the person who was ultimately hired as Director of the Career Center was less qualified that Plaintiff as alleged in your Complaint.

36.    All documents that support your allegation that Defendant's reasons for not selecting Plaintiff as Director of the Career Center "is pretext for discrimination" as alleged in Paragraph 19 of your Complaint.

37.    All documents that support your allegation that the Defendant "through its employees and agents, wrongfully delayed Plaintiff's employment advances and condoned the retaliatory and hostility directed against Plaintiff after he sought advancement in his employment" as outlined in Paragraph 17 of your Complaint.

69089-1

38.    All documents that support your allegation that Defendant "has a history of discriminating against African Americans" as alleged in Paragraph 21 of your Complaint.

Requested materials and the responses of Plaintiff shall be produced at Bonner Kiernan Trebach and Crociata, Sixth Floor, 1250 Eye Street, N.W., Washington, D.C. 20005, within twenty-one (21) days after service of these Requests, and will be returned to Plaintiff unaltered following a reasonable time for inspection, photographing and photocopying.

Dated: January 18, 2007                    GALLAUDET UNIVERSITY
                                           By Counsel

                                           BONNER KIERNAN TREBACH & CROCIATA


                                           _____
                                           Christopher E. Hassell #291641
                                           Heather S. Deane #471834
                                           1233 20th Street, N.W., 8th Floor
                                           Washington, DC 20036
                                           (202) 712-7000
                                           (202) 712-7100 (facsimile)

7

69089-1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2007, a true and correct copy of

the *Requests for Production of Documents of Defendant Gallaudet University to Plaintiff* was

served via United States Mail, first class, postage prepaid upon:

    Sukari Hardnett, Esquire
    Hardnett and Associates
    1111 Bonifant Street
    Silver Spring, Maryland 20910

                                    _____
                                    Heather S. Deane