IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES AKRIDGE** ) | |
| ) | |
| Plaintiff, ) | CASE NO. 1:06-CV-00346-RMU-AK |
| ) | |
| v. ) | |
| ) | |
| **GALLAUDET UNIVERSITY** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT GALLAUDET UNIVERSTY'S MOTION TO COMPEL DISCOVERY AND EXTEND DEFENDANT'S RULE 26(a)(2)(B) DISCLOSURE DEADLINE**

Plaintiff JAMES AKRIDGE, by and through counsel, C. Sukari Hardnett and the Law Office of C. Sukari Hardnett, submits Plaintiff's Opposition to Defendant Gallaudet University's Motion to Compel Discovery and Extend Defendant's Rule 26(a)(2)(B) Disclosure Deadline and avers:

    A.    <u>THE COURT SHOULD NOT ISSUE ANY ORDER COMPELLING DISCOVERY</u>

Defendant has field a motion seeking an Order compelling the Plaintiff to provide responses to discovery. The issue is moot because Plaintiff has served responses to discovery upon the Defendant. Plaintiff was delayed in obtaining and providing information necessary to respond to the discovery requests of the Defendant. The failure of the Plaintiff to provide responses was not based upon any bad faith or contumacious conduct. As Defendant admits, Plaintiff did contacted the Defendant in writing explaining reasons for the delay and agreeing to an extension of the deadline for Defendant's expert disclosures. Thus, there was never any real discovery dispute that would justify Defendant filing a motion to compel.

Defendant is not entitled to an order compelling discovery anyhow based upon the record. Defendant's motion includes a certificate pursuant to Rule 12-I ostensibly detailing the efforts in

which it engaged to resolve the alleged dispute prior to filing its motion.[1] Although Defendant cites to the incorrect rule, it does have an obligation to confer with the Plaintiff to resolve the dispute prior to filing its motion to compel. *See LcvR 7(m).* However, Defendant did not do so. In its certification, Defendant represents that it had provided the Plaintiff with an agreed order setting a new discovery deadline and extending the deadline for Defendant's expert disclosures and that Plaintiff did not agree to endorse said order. This is simply not true. Defendant did not provide the Plaintiff the agreed order until *after* it filed its motion to compel. It was only then that Defendant faxed the agreed order to the Plaintiff. This is material, for had Defendant truly provided the order there would have been no need to file any motion to compel, as Plaintiff has no objection to providing discovery responses (and has now provided such), nor does Plaintiff have any objection to a reasonable extension of the deadline for the Defendant to serve its expert disclosures.

**B.  THE DEADLINE FOR DEFENDANT'S RULE 26(a)(2)(B) DISCLOSURES SHOULD BE EXTENDED ONE WEEK FROM THE SERVICE OF PLANTIFF'S DISCOVERY RESPONSES:**

Although Defendant seeks an extension of thirty days to file its expert disclosures it is really not entitled to such an extension, for the deadline for the Defendant's expert disclosures were initially due just one week after Plaintiff's discovery responses were due to be served. Thus, Defendant would not have had thirty days to serve its expert disclosures after its receipt of Plaintiff's discovery responses even had the Plaintiff timely provided the responses. Defendant would have only had one week. Accordingly, Defendant should have the same amount of time to serve its expert disclosures as it would have but for the delay in serving responses, which is one week after Plaintiff's discovery responses were served. Thus, to the extent that the Defendant seeks to extend the deadline for serving its Rule 26(a)(2)(B) beyond this period, Defendant's motion should be denied.

2

---

[1] Rule 12-I is a rule of the Superior Court which is not applicable to actions filed in the US District Court.

## **CONCLUSION**

Plaintiff seeks that the court deny Defendant's Motion to Compel and extend the deadline for the Defendant to serve its expert disclosures one week from the service of Plaintiff's discovery responses.

                                                Respectfully submitted,
                                                JAMES AKRIDGE

                                                By:   /s/
                                                      Counsel

C. Sukari Hardnett
Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, MD 20910
Tel: (301) 587-7001