IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES C. AKRIDGE** | : |
| Plaintiff, | : |
| v. | :  Case No. 1:06CV00346 |
| | Judge: Ricardo M. Urbina |
| **GALLAUDET UNIVERISTY** | : |
| Defendant. | : |

**DEFENDANT GALLAUDET UNIVERSITY'S OPPOSITION TO PLAINTIFF'S MOTION FOR SIXTY DAY EXTENSION OF THE DISCOVERY DEADLINE**

COMES NOW Defendant, Gallaudet University, (hereinafter "Defendant" or "Gallaudet"), by and through counsel, Bonner Kiernan Trebach & Crociata, LLP, and pursuant to Rules 7 and 16 of the Federal Rules of Civil Procedure, Local Rules 7(b) and (c), and the Court's Scheduling Order, hereby opposes Plaintiff's Motion to extend the discovery deadline in this case by sixty (60) days. In support of this Opposition, Defendant, pursuant to Local Rule 7(b), refers the Court to its Memorandum of Points and Authorities attached hereto and incorporated herein by reference.

        Respectfully submitted,

        BONNER KIERNAN TREBACH & CROCIATA, LLP

        _____
        Christopher E. Hassell, Esquire
        Heather S. Deane, Esquire
        1233 20th Street, NW
        Suite 800
        Washington, D.C. 20036
        (202) 712-7000
        **Counsel for Defendant Gallaudet University**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES C. AKRIDGE | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:06CV00346<br>Judge: Ricardo M. Urbina |
| GALLAUDET UNIVERISTY | : | |
| Defendant. | : | |

### DEFENDANT GALLAUDET UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SIXTY DAY EXTENSION OF THE DISCOVERY DEADLINE

COMES NOW Defendant, Gallaudet University, (hereinafter "Defendant" or "Gallaudet"), by and through counsel, Bonner Kiernan Trebach & Crociata, LLP, and support of its Opposition to Plaintiff's Motion to extend the discovery deadline in this case by sixty (60) days, states as follows:

1. The instant lawsuit arises out of Plaintiff's claims of discrimination against Gallaudet based on Gallaudet's decision not to select him for the position of the Director of the Career Center, for which Plaintiff interviewed on May 3, 2004. Plaintiff, an employee of Gallaudet University, alleges he was discriminated against on the basis of gender,[1] race, and disability.

2. This Court issued a Scheduling Order in this matter on November 14, 2006, providing a discovery deadline of June 18, 2007.

3. On June 11, 2007, Defendant filed a Consent Motion to Extend Discovery.

---

[1] Although Plaintiff originally based his discrimination claim, in part, on gender, he withdrew the gender portion of his claim at deposition.

176118-1

4. On June 21, 2007, this Court granted the Consent Motion, providing a new discovery deadline of August 9, 2007.

5. During June, 2007, undersigned counsel conferred with Plaintiff counsel, who provided dates Plaintiff was available to conduct depositions of certain Gallaudet employees that he requested to depose. Pursuant to this discussion, Defendant spent a great deal of time arranging for seven Gallaudet employees to be available for deposition on dates provided. Defendant then sent a letter to Plaintiff with a proposed deposition schedule. (*See* letter from Ms. Grayson to Ms. Hardnett dated June 13, 2007, attached hereto as Exhibit 1).

6. Over the next two weeks, Defendant continued efforts to confirm the proposed deposition schedule with Plaintiff, but was unable to obtain a response. (*See* letter from Ms. Grayson to Ms. Hardnett dated June 15, 2007, attached hereto as Exhibit 2).

7. On June 22, 2007 and June 25, 2007, undersigned counsel contacted Plaintiff's counsel by telephone, requesting that she provide a response to the proposed deposition schedule and stressing the importance of doing so as soon as possible so the employees could keep their schedules cleared. On both dates, Plaintiff counsel's legal assistant stated that a response was forthcoming.

8. On June 28, 2007, having still received no response from Plaintiff, Defendant advised Plaintiff that the Gallaudet employees were no longer available for depositions on the dates proposed in the June 13, 2007 correspondence, and asked Plaintiff to advise of future dates of availability for the requested depositions. (*See* letter from Ms. Grayson to Ms. Hardnett dated June 28, 2007, attached hereto as Exhibit 3).

9. Plaintiff counsel provided no response until over one month later, when she counsel faxed a letter to Defendant requesting to take the depositions of the seven Gallaudet

employees in September 2007, well after the close of discovery. (*See* letter from Ms. Hardnett to Ms. Deane dated August 2, 2007, attached hereto as Exhibit 4.)

10.  Plaintiff had ample opportunity to notice and conduct depositions of the Gallaudet employees prior to the August 9, 2007 discovery deadline.

11.  Plaintiff's counsel never gave any excuse or justification as to why she did not respond and/or could not conduct the depositions on the dates proposed in the June 13, 2007 letter, which were scheduled in accordance with the dates of availability that were provided.

12.  To date, Plaintiff has not noticed any depositions of the Gallaudet employees.

13.  Federal Rule of Civil Procedure Rule 16(b) authorizes this Court to issue the Scheduling Order entered in the instant matter. As the United States Supreme Court stated in *Hoffman-La Roche Inc. v. Sperling,* 493 U.S. 165, 173 (1989), Rule 16(b) requires this Court to enter a "scheduling order limiting time for various pretrial steps." Rule 16(b) explicitly states that the Scheduling Order "shall not be modified except upon a showing of good cause."

14.  Here, Plaintiff has failed to establish good cause to modify the Scheduling Order to extend the discovery deadline in this action for an additional sixty (60) days. By failing to conduct discovery, Plaintiff completely disregarded this Court's Scheduling Order and Order extending discovery to August 9, 2007.

15.  Contrary to Plaintiff's assertion, the extended discovery deadline proposed will necessitate extending other deadlines in this action. In particular, the extended discovery deadline proposed by Plaintiff is October 9, 2007. However, the deadline for filing dispositive motions in this action is August 20, 2007, and the deadline for filing any opposition thereto is September 20, 2007. Therefore, granting Plaintiff's motion to extend discovery will prejudice

Defendant as it will be required to continue litigating this matter longer than anticipated and expend additional resources to do so.

16.   Further, undersigned counsel has prepared a Motion for Summary Judgment in this matter which is ready to be filed by the August 20, 2007 deadline set forth in the Court's Scheduling Order, and has advised its client of same. Defendant has a right to an efficient and speedy resolution of this action.

WHEREFORE, the foregoing considered, Defendant Gallaudet University respectfully requests that this Court deny Plaintiff's Motion to extend discovery by sixty days.

DATED this 8th day of August, 2007.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA**

_____
Christopher E. Hassell, Esquire
Heather S. Deane, Esquire
1233 20th Street, NW
Suite 800
Washington, D.C. 20036
(202) 712-7000
**Attorney for Defendant Gallaudet University**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Opposition to Plaintiff's Motion to Extend Discovery, Memorandum of Points and Authorities, and proposed Order, was mailed, postage prepaid, and served via this Court's electronic system, this 8th day of August, 2007 to:

C. Sukari Hardnett, Esquire
HARDNETT & ASSOCIATES
1111 Bonifant Street
Silver Spring, MD 20910

_____
Heather S. Deane