IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES AKRIDGE** ) | |
| ) | |
| Plaintiff, ) | Civil Action No.  1:06-cv-00346-RMU-AK |
| ) | |
| v. ) | |
| ) | |
| **GALLAUDET UNIVERSITY** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S REPLY TO DEFENDANT GALLAUDET UNIVERSITY'S OPPOSITION TO PLAINTIFF'S MOTION FOR SIXTY DAY EXTENSION OF THE DISCOVERY DEADLINE

Plaintiff JAMES AKRIDGE by and through counsel, C. Sukari Hardnett, Esq. and the Law Office of C. Sukari Hardnett, files Plaintiff's Reply to Defendant Gallaudet University's Opposition to Plaintiff's Motion for Sixty Day Extension of the Discovery Deadline and avers:

1.  Plaintiff did not unreasonably delay in scheduling the depositions of Defendant's agents and representatives.  After informing the Plaintiff of dates on which depositions could take place (in a letter dated July 13, 2007), Defendant withdrew those dates just ten business days later (in a letter dated July 28, 2007).

2.  Plaintiff could not conduct depositions without first resolving issues regarding the costs and deposition procedure. When Plaintiff initially contacted the Defendant regarding scheduling depositions it became apparent that there are additional costs and preparation because of the need for translators for some of the hearing impaired witnesses.  Plaintiff had to identify translators and address the issue of deposition costs.

3. Plaintiff was unable to do so on the dates that it initially cleared with the Defendant. However, Plaintiff informed the Defendant of these facts, and to prevent undue inconvenience to Defendant's witnesses, Plaintiff did not schedule and notice the depositions until Plaintiff could be sure that the outstanding issues were resolved. As soon as that happened, Plaintiff contacted the Defendant to conduct the depositions.

4. The parties have a duty to participate in good faith in discovery. Plaintiff fulfilled this duty by consenting to Defendant's request to extend the discovery deadline so that Plaintiff's deposition could take place and by appearing at the deposition on dates agreeable to the Defendant.

5. Now that the Plaintiff seeks an extension of the discovery deadline to complete depositions, Defendant objects simply because it does not want Plaintiff to depose its agents and representatives and not because of any true prejudice that it will suffer.

6. Plaintiff avers that the Defendant did not do so because the witnesses were not available, but simply as a mechanism to bar the Plaintiff from taking the depositions to which he was entitled. This violates the very purpose and intent of the discovery rules.

7. Defendant argues that extending the discovery deadline will allegedly require it "to continue litigating this matter longer than anticipated and expend additional resources to do so." *See* Defendant's Opposition at ¶ 15. This is presumptuous. The court has not yet even scheduled a trial in this action.

8. Any feigned prejudice relating to the extension of the discovery deadline vis a vis the motions deadline can be easily cured by an extension of that deadline as well.

9. A civil action is at its best a mechanism to uncover truth and to obtain justice. Discovery is integral to this. To that end this court should allow the Plaintiff to continue with discovery as it will not cause the Defendant any real prejudice, and it is in the interests of truth and substantial justice.

WHEREFORE, Plaintiff seeks that the court extend the discovery deadline in this case and grant all such just and further relief as the court deems just and proper.

Respectfully submitted,

By:  /s/
       Counsel

C. Sukari Hardnett, Esq.
Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, Maryland 20910
Tel: (301) 587-7001