IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES C. AKRIDGE | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 1:06-cv-00346-RMU |
| | | Judge: Ricardo M. Urbina |
| GALLAUDET UNIVERISTY | : | |
| Defendant. | : | |

**DEFENDANT GALLAUDET UNIVERSITY'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant, Gallaudet University (hereinafter "Gallaudet" or "Defendant"), by and through its counsel, Bonner Kiernan Trebach & Crociata, LLP, and hereby submits its reply to Plaintiff's Opposition to Motion for Summary Judgment. In support of this Reply, Defendant respectfully refers the Court to the attached Memorandum of Points and Authorities and Statement of Material Facts Not in Genuine Dispute, which are incorporated herein by reference.

DATED this 4th day of October, 2007.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

_____
Christopher E. Hassell, #291641
Heather S. Deane, #471834
1233 20th Street, NW
Suite 800
Washington, DC  20036
(202) 712-7000

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, and Memorandum of Points and Authorities in Support of the Reply, was served electronically and via first class mail, postage prepaid, this 4th day of October, 2007 upon:

C. Sukari Hardnett, Esquire
HARDNETT & ASSOCIATES
1010 Wayne Avenue, St. 210
Silver Spring, MD  20910

_____
Heather S. Deane

179404-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUBMIA

| | | |
|---|---|---|
| **JAMES C. AKRIDGE** | : | |
| Plaintiff, | : | |
| v. | : | Case No.: 1:06-cv-00346-RMU |
| | | Judge: Ricardo M. Urbina |
| **GALLAUDET UNIVERISTY** | : | |
| Defendant. | : | |

**DEFENDANT GALLAUDET UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Defendant, Gallaudet University (hereinafter "Gallaudet" or "Defendant"), by and through counsel, Bonner, Kiernan, Trebach & Crociata, LLP, and for its Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment states as follows:

**I.     PLAINTIFF DID NOT FILE THIS ACTION WITHIN NINETY DAYS OF RECEIPT OF THE RIGHT-TO-SUE NOTICE.**

Plaintiff's action is untimely because it was not filed within ninety (90) days after receipt of the Equal Employment Opportunity Commission's ("EEOC") right-to-sue letter. It is undisputed that the EEOC issued Plaintiff's right-to-sue letter on November 23, 2005. (*See* Ex. 3, Gallaudet's Motion for Summary Judgment.) In the absence of evidence to the contrary, it is presumed that the right-to-sue letter is mailed on the same date of its issuance and received three days later. *See Anderson v. Local 201 Reinforcing Rodmen*, 866 F. Supp. 94, 97 (D.D.C. 1995). Thus, the presumptive date of receipt of the right-to-sue letter in this action is November 26, 2005, and this is the date that the Court must use for the purposes of determining whether Plaintiff complied with the ninety day requirement. *See id.*

Plaintiff has failed to produce evidence to rebut the presumptive date of receipt in this action. In his Opposition, Plaintiff maintains that he "stated in his discovery responses that he received the Right to Sue Notice on December 2, 2005," and "also clarified in his deposition that he received the Right to Sue Notice on that date." Plaintiff argues that Defendant cannot controvert these "sworn declarations." However, for the reasons previously set forth in Defendant's Motion for Summary Judgment, and further explained below, Plaintiff's assertions are not supported by the record in this matter.

As previously pointed out, Plaintiff served unexecuted Answers to Interrogatories on April 8, 2007, in which he was asked, but failed to answer the following interrogatory:

> 16. State the date listed on the "Notice of Right to Sue" letter, the date you received such letter, and the means (Federal Express, U.S. postal delivery, courier, facsimile, etc.) by which you received such letter.
>
> **RESPONSE**: [blank]

(*See* Ex. 4, Gallaudet's Motion for Summary Judgment.)

Plaintiff recently attempted to supplement this answer by serving executed Answers to Interrogatories on September 18, 2007, providing the following response to Interrogatory 16: "I received the 'Notice to Right to Sue' letter on December 2, 2005. It was delivered by U.S. mail." (*See* Plaintiff's Opposition to Gallaudet's Motion for Summary Judgment, Ex. B.) These supplemental and executed answers were served more than one month after the close of discovery and are therefore not part of the record in this lawsuit. Plaintiff had ample opportunity to supplement his answers prior to the August 9, 2007 discovery deadline and has provided no excuse or justification for why he did not. Moreover, the record clearly demonstrates Plaintiff lacked the knowledge necessary to provide a response to Interrogatory No. 16. Specifically, Plaintiff was not able to recall the date he received right-to-sue letter when asked at his

deposition. (*See* Gallaudet's Motion for Summary Judgment, Ex. 6, pp. 131:5–132:1; 160:13-20.) It is simply not plausible that Plaintiff was suddenly able to remember this date over two months later. Thus, Plaintiff's "sworn declaration" as to the date he received the right-to-sue letter, is not valid, and does nothing to rebut the three-day presumption in this matter.

Plaintiff's other purported "sworn declaration" is his deposition testimony pertaining to his receipt of the right-to-sue letter. As stated above, Plaintiff was unable to recall the date he received the right-to-sue letter when asked at his deposition. (*See id.*) Therefore, Plaintiff's deposition testimony does nothing to rebut the three-day presumption in this matter. Further frustrating Plaintiff's position is the fact that Plaintiff has no records which reflect the date of receipt. (*See id.*, pp. 132:4-7; 137:18-138:5.) In such circumstances, this Court has held that the three-day presumption must apply. *See Griffin v. Acacia Life Ins. Co.*, 151 F. Supp.2d 78 (D.D.C. 2001) (applying three-day presumption where plaintiff lacked knowledge at deposition as to date of receipt and lacked any records reflecting date such as to rebut presumption); *see also Simpkins v. Washington Metropolitan Area Transit Authority*, 2 F. Supp.2d 52, 57 n. 6 (D.D.C. 1998) (rejecting similar evidence and argument as to date of receipt presented by the plaintiff).

In the case at bar, Plaintiff has no evidence to rebut the presumption that he received the right-to-sue letter on November 26, 2005, three days after it was issued. Plaintiff did not file his Complaint until February 27, 2006, ninety-three (93) days later. Consequently, Plaintiff's claims of discrimination and retaliation are untimely because they were not filed within ninety days of receipt of the right-to-sue letter. *See* 42 U.S.C. §§ 2000e-5(f)(1); 12117.

II. **PLAINTIFF HAS NO EVIDENCE THAT DEFENDANT ENGAGES IN A PATTERN AND PRACTICE OF INSTITUTIONALIZED DISCRIMINATION.**

Plaintiff states that he has applied for and been denied nine different positions at Gallaudet, each of which was filled with a less qualified white applicant. This unsubstantiated fact, according to Plaintiff, is evidence that Gallaudet has engaged in a pattern of discrimination against him on the basis of race. This lawsuit, however, is limited to Plaintiff's claim that he was denied the position of Career Center Director, and has nothing at all to do with Plaintiff's claims that he was denied promotion on previous occasions. Further, Plaintiff's claims about being denied promotions on previous occasions and the bases of race and disability were previously alleged and adjudicated in Plaintiff's prior lawsuit against Gallaudet University.[1] Plaintiff's allegations about previous hiring decisions at Gallaudet are therefore not material facts in genuine dispute and do not affect the outcome of this lawsuit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 211 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

   A. **Plaintiff Has Failed to Provide Any Evidence in Support of His Allegation that Defendant Discriminated Against Him in Job Promotion and Advancement on the Basis of Race and Disability.**

Assuming *arguendo*, for the purposes of this motion only, that Gallaudet's decision not to promote Plaintiff on nine previous occasions was an issue of material fact in genuine dispute, Plaintiff has still failed to show any evidence (1) that all the individuals hired for those positions were white, (2) that all the individuals hired for those positions were hearing, and (3) that

---

[1] Plaintiff's previous lawsuit, styled *James C. Akridge v. Gallaudet University*, Civil Action No 02-2058 (RBW), was disposed of by Court Order of February 19, 2004, granting Defendant's motion for summary judgment and dismissing Plaintiff's Complaint with prejudice.

179404-1

Gallaudet's decision to hire those individuals was for legitimate, non-discriminatory reasons. Indeed, the only "evidence" Plaintiff cites in support of this allegation is his own belief, as testified about during his deposition, is that there is a pattern of racism and audism at Gallaudet. Although the Court must generally draw all inferences in the plaintiff's favor and accept the plaintiff's evidence as true, the statements provided in Plaintiff's deposition are nothing more than conclusory allegations that, without factual support, cannot withstand a motion for summary judgment. *Anderson*, 477 U.S. at 255; *see also Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1993).

Thus, there is no evidence upon which a reasonable jury could conclude that there is pattern of racism and audism at Gallaudet University and Defendant is entitled to judgment as a matter of law.

### B. Plaintiff Has Failed to Provide Any Facts to Support His Claim for Hostile Work Environment.

Plaintiff's claim for hostile work environment should be dismissed because: (1) Plaintiff failed to exhaust his administrative remedies with regard to this claim; and (2) Plaintiff has failed to any allege hostile conduct by Gallaudet as a matter of law.

Plaintiff relies solely on his deposition testimony as evidence in support of his position that he made a claim for hostility at the administrative level and that he endured a hostile work environment at Gallaudet. Plaintiff's testimony, however, does not support the proposition that Plaintiff made a claim for hostile work environment at the administrative level and the record clearly shows that he did not. This Court has ruled that exhaustion of this administrative remedy is a prerequisite to judicial relief. *Caliendo v. Bentsen*, 881 F. Supp. 44, 47 (1995).

Even more egregious, however, is Plaintiff's failure to provide any evidence to establish a *prima facie* claim for hostile work environment. A hostile work environment exists "only

when the offensive conduct 'permeates [the workplace] with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the condition of the victim's employment and create an abusive working environment.'" *Barbour v. Browner*, 181 F.3d 1342, 1347-48 (D.C. Cir. 1999) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 78 (1998)). In his Opposition, Plaintiff maintains he was subject to a hostile work environment because he had communication problems and tension with his supervisor, felt isolated, and was treated differently from other employees in the Ph.D. program. Plaintiff also refers to a hostile work environment created by an environment that punished those who challenged discriminatory practices based upon an alleged memorandum sent to the African-American faculty and staff at Gallaudet by Mr. Dunn, another employee at the University.[2] Plaintiff testified that the memorandum, which was sent out during the time of the protests in 2006, requested an assembly to discuss the discrimination pattern at the institution. According to Plaintiff, the proposed meeting never took place because Mr. Dunn was reprimanded and had to retract the memorandum.

Plaintiff's claims for hostile work environment cannot be maintained on any of the grounds stated. The unsubstantiated memorandum and interactions between Mr. Dunn and the University allegedly occurred over two years after Gallaudet's decision not to hire Plaintiff for the position of Career Center Director, and over one year after Plaintiff filed the instant lawsuit. This allegation like the other conduct Plaintiff relies on in support of his claims for hostile work environment, cannot be said to have "permeated" Plaintiff's work environment with "discriminatory intimidation, ridicule, and insult." *See Barbour*, 181 F.2d at 1347-48. Further, the only evidence of any racial slur being used is Plaintiff's use of the term "Oreo" to describe

---

[2] Plaintiff did not produce this memorandum during discovery and did not attach it as an Exhibit in support of his Opposition to Gallaudet's Motion for Summary Judgment. The memorandum is not part of the record in this matter.

his supervisor, Edgar Palmer and others who Plaintiff defines as being "white on the inside...but black on the outside." (*See id.*, pp. 102:17-21; 105:6-11.)

Simply put, the conduct claimed by Plaintiff is not "severe or pervasive" and therefore is wholly inadequate to establish a *prima facie* claim for hostile work environment. To survive a motion for summary judgment, the nonmoving party must have established a prima facie case. *Harding v. Gray,* 9 F.3d 150, 154 (D.C. Cir. 1993). Accordingly, Defendant is entitled to summary judgment as to Plaintiff's claim for hostile work environment.

### C.    Plaintiff Has Failed to Provide Any Facts to Support His Claim for Retaliation.

In order to establish a *prima facie* case of retaliation, a plaintiff must demonstrate: (1) that he engaged in a statutorily protected activity[3]; (2) that the employer took an adverse employment action; and (3) that a causal connection existed between the two. *Brown v. Brody,* 199 F.3d 446, 452 (D.C. Cir. 1999).

Plaintiff does not provide evidence of any action or inaction by Gallaudet that could be deemed to be retaliatory with regard to any protected conduct. In his Opposition, Plaintiff baldly asserts he was retaliated against for his prior complaints of discrimination when he applied for the position of Career Center Director. Plaintiff claims that he was retaliated against because he was not given an interview until after he challenged the committee's decision not to give him one. Plaintiff also makes the baseless claim that he was retaliated against because he was not included as "one of the listed candidates so that the public could observe the interview unlike the other candidates." This claim, however, is contradicted by the record in this case, which clearly

---

[3] In his EEOC Charge of Discrimination, Plaintiff did not check off the box available for "retaliation." (*See* Exhibit 1.) The only protected activity alleged by Plaintiff was that he filed an internal discrimination complaint in 1998 based on race. (*See id.*) Plaintiff alleges in his Complaint that "Defendant's adverse action was in retaliation to Plaintiff's prior EEO activity." (Complaint ¶ 22.) Although Defendant disputes the nature of the "protected activity" at issue., Defendant will proceed, for the purposes of this Motion only, as if Plaintiff has alleged prior EEO activity at the administrative level.

shows that there was an audience which evaluated Plaintiff's presentation at his interview, just like al of the other candidates. (*See* Gallaudet's Motion for Summary Judgment, Ex. 11, 12 & 23.)

Even assuming *arguendo* that Plaintiff established the first two elements necessary for a *prima facie* case of retaliation, Plaintiff's claim nevertheless fails because there is no evidence of a causal nexus between Gallaudet's decision not to hire Plaintiff for the position of Director of the Career Center and Plaintiff's protected conduct. Consequently, Plaintiff fails to make out a *prima facie* claim for retaliation and Gallaudet is entitled to summary judgment as any such claim. *See Harding,* 9 F.3d at 154.

### III. PLAINTIFF HAS NOT DEMONSTRATED THAT DEFENDANT'S ASSERTED LEGITIMATE, NONDISCRIMINATORY AND NONRETALIATORY JUSTIFICATIONS FOR THE PERSONNEL ACTIONS WERE PRETEXTUAL.

The table contained in Gallaudet's Motion for Summary Judgment does not reflect any discriminatory practices by Gallaudet, but simply shows that almost all of the candidates, black and white, possessed the qualifications that Plaintiff claims they lacked. The table does not list several of the other factors the screening committee considered important in ranking the candidates, such as the candidate's knowledge of career development theories, communication skills, attitude, leadership and management experience, and presentation on his/her "Vision Plan for the Career Center." Therefore, Plaintiff's claim that the table evinces discriminatory conduct by Gallaudet is without merit.

In addition to the information contained in the table, Defendant's Motion for Summary Judgment sets forth several other legitimate non-discriminatory reasons for Gallaudet's decision not to hire Plaintiff for the position of Director of the Career Center. Once the defendant has articulated a legitimate, non-discriminatory reasons for its actions, "the plaintiff must then

179404-1

demonstrate that the employer's stated reason was pretextual and that the true reason was discriminatory." *Stella v. Mineta*, 284 F.3d 135, 144 (D.C. Cir. 2002). Thus, the burden is on Plaintiff to produce some evidence, either direct or circumstantial, to show that Gallaudet's articulated non-discriminatory reason for the challenged decision is pretextual. *See Keith v. Duffy*, 77 F. Supp. 2d 46, 49-50.

The record in this case, including Plaintiff's Opposition, is devoid of any evidence that Gallaudet's decision not to hire Plaintiff for the position of Career Center Director was a pretext for discrimination. Plaintiff has failed to proffer any factual support for the argument that Gallaudet's reason for not hiring him was a pretext for discrimination; rather, Plaintiff merely sets forth eleven unsupported and conclusory "facts" that he believes evince "Defendant's alleged non discriminatory reasons for not selecting Plaintiff are a pretext to conceal its discriminatory practices perpetrated against the Plaintiff and against other qualified minorities and those with disabilities." (Plaintiff's Opposition to Defendant's Motion for Summary Judgment, pp. 16-17.) This Court has held that "neither the nonmovant's conjecture and surmise nor mere 'conclusory allegations of discrimination without more' are sufficient to defeat a motion for summary judgment." *Carter v. Pena*, 14 F. Supp. 2d 1, 7 (D.D.C. 1997) (quoting *Carney v. American University*, 960 F. Supp. 436, 439 (D.D.C. 1997)).

Plaintiff's reliance on mere conclusory allegations of discrimination, especially in light of failure to produce any affidavit or other support of his claims, is insufficient to withstand summary judgment. *Greene,* 164 F.3d at 675; *Harding,* 9 F.3d at 154. Furthermore, the District of Columbia Circuit has stated that Title VII claims "do not authorize a federal court to become a 'super-personnel department that reexamines an entity's business decisions." *Barbour,* 181 F.3d at 1346. In this case, there is nothing in the records to suggest that a reasonable juror could

179404-1

decide that Gallaudet's proffered reasons were pretextual. Accordingly, Defendant is entitled to summary judgment as to all of Plaintiff's claims for discrimination.

## IV.   CONCLUSION

WHEREFORE, based on the reasons set forth in Defendant's Motion for Summary Judgment and the foregoing Reply, Defendant Gallaudet University respectfully requests that this Court grant its Motion for Summary Judgment on all counts listed in Plaintiff's Complaint.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

_____
Christopher E. Hassell, #291641
Heather S. Deane, #471834
1233 20th Street, NW
Suite 800
Washington, DC 20036
(202) 712-7000
(202) 712-7100 (fax)

179404-1