IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JAMES AKRIDGE** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:06-cv-00346-RMU-AK |
| ) | |
| v. ) | |
| ) | |
| **GALLAUDET UNIVERSITY** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR EXTENSION
OF THE DISCOVERY DEADLINE**

Plaintiff JAMES AKRIDGE by and through counsel, C. Sukari Hardnett, Esq. and the Law Office of C. Sukari Hardnett, submits this Motion for Extension of the Discovery Deadline upon a very strong showing of good cause set forth in the accompanying Memorandum in Support of Plaintiff's Motion for Extension of the Discovery Deadline.

WHEREFORE, Plaintiff seeks that the Court extend the discovery deadline and grant all such just and further relief as the Court deems just and proper.

                                                            Respectfully submitted,
                                                            JAMES AKRIDGE

                                                            By:   /s/
                                                                   Counsel

C. Sukari Hardnett, Esq.
Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, Maryland 20910
Tel: (301) 587-7001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **JAMES AKRIDGE** ) | |
| ) | |
| Plaintiff, ) | Civil Action No.  1:06-cv-00346-RMU-AK |
| ) | |
| v. ) | |
| ) | |
| **GALLAUDET UNIVERSITY** ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
### FOR EXTENSION OF THE DISCOVERY DEADLINE

Plaintiff JAMES AKRIDGE by and through counsel, C. Sukari Hardnett, Esq. and the Law Office of C. Sukari Hardnett, upon a very strong showing of good cause, submits this Memorandum in Support of Plaintiff's Motion for Extension of the Discovery Deadline, and in accordance with the Standing Order for Civil Cases at ¶ 5bi-v, Plaintiff sets forth *inter alia* the number of previous extensions of time granted, the good cause supporting the motion, the effect that granting the motion will have on existing deadlines, and Defendant's position on the motion:

### I. NUMBER OF PREVIOUS EXTENSIONS OF TIME GRANTED

This Court has extended the discovery deadline twice in this case.  The Court extended the discovery deadline upon Defendant's consent request on June 11, 2007.  On December 10, 2007, the Court extended the discovery deadline upon Plaintiff's contested request.

## II. VERY STRONG SHOWING OF GOOD CAUSE

When the Court extended the discovery deadline on December 10, 2007, it did so because it felt that a brief extension of the deadline serves the interest of a fair resolution in this case. This is so true. In this case, the depositions that have taken place so far has revealed the racism that permeates Gallaudet University. It is no wonder that the campus erupted into protests, and why the Defendant has gone to such lengths to prevent the Plaintiff from conducting depositions of its agents and representatives.

After the Court extended discovery, Plaintiff's representative called the defendant on or about December 19, 2007, and left a voicemail message regarding the Joint Statement and regarding the scheduling of depositions. Defendant did not respond. Thus, in a letter dated January 3, 2007, Plaintiff's counsel renewed its request to depose Defendant's agents and representatives (a copy of which is attached as "Plaintiff's Exhibit A"). Defendant finally responded and requested dates and names of the representatives that Plaintiff wished to depose (a copy of the letter setting for this information is attached as "Plaintiff's Exhibit B"). Plaintiff's counsel provided dates and the names of the representatives three business days after Defendant's request (a copy of the letter setting forth this information is attached as "Plaintiff's Exhibit C").

Instead of cooperating in the scheduling of those depositions, Defendant refused to make two witnesses available (Stephen Koppi and Lindsey Dunn), claiming that the request to depose them was untimely (despite the fact that Plaintiff's counsel identified them only three business days after Defendant requested the names, prior to the deadline for discovery, and at the same time as the other witnesses that Defendant agreed to available); Defendant would not make Jane Fernandez available on the grounds that she allegedly did not have knowledge of facts relevant to this action; and Defendant would

3

not allow the Plaintiff to conduct depositions of its 30(b)(6) designee (a copy of the letter setting forth these facts is attached as "Plaintiff's Exhibit D"). Plaintiff's counsel objected and attempted in good faith to resolve this dispute (a copy of a letter sent in attempt to resolve this dispute is attached as "Plaintiff's Exhibit E"). Defendant did agree to make an alleged 30(b)(6) designee available for deposition, but she was not prepared to testify regarding any of the designated areas of inquiry. [1]

In a letter dated January 23, more than two weeks after Plaintiff's initial request, Defendant indicated that four of its representatives could be deposed on January 30, 2008, and that of the others would have to de deposed in February (a copy of the letter setting forth these facts is attached as "Plaintiff's Exhibit F"). Plaintiff's counsel and representative had telephone and written discussions regarding these depositions in which they agreed to depose four of the witnesses on January 30, 2008, and advised the Defendant that is was not feasible to depose the fifth witness and would make more sense to schedule his deposition in February on the same day as the other hearing impaired witnesses (a copy of the letter setting forth these facts is attached as "Plaintiff's Exhibit G"). Plaintiff also presented alternate dates to take depositions in February, as Plaintiff's counsel could not take them on February 8, 2008, the date Defendant proposed. *See Id.*

Although Defendant's counsel Ariel Grayson had agreed in written and oral communication to have depositions in February, the next day her co-counsel, Heather Deane, now represented that she would not make any of the witnesses available for deposition in February and would oppose any attempt to do so (a copy of the letter setting forth these facts is attached as "Plaintiff's Exhibit H"). Contrary to the clear

---

[1] This and other discovery related disputes will not be set forth here since they must be handled in accordance with the procedures set forth in the Standing Order for Civil Cases at ¶ 9, which Plaintiff will invoke forthwith.

representations in the correspondence issued by its co-counsel, Heather Deane now stated that Plaintiff could only conduct the deposition of two witnesses on January 31, 2008, at 1:30pm and 2:30pm and that no other dates or times would be provided (a copy of the letter setting forth these facts is attached as "Plaintiff's Exhibit I").  The witness who was to be deposed in February on the same date of the hearing impaired witnesses, Heather Deane now stated could only be deposed on January 30, 2008, after the other witnesses.  *See Id.*  The fax transmission reflects that some of communications arrived in the office of Plaintiff's counsel just minutes before the scheduled depositions on January 30, 2008 (a copy of the letter setting forth these facts is attached as "Plaintiff's Exhibit J").

Plaintiff deposed the four witnesses as originally agreed.  Those depositions went on until 6pm, attesting to the fact that it was not possible to depose five witnesses as Plaintiff had stated.  Since Plaintiff's counsel was not available at the times that Defendant indicated, on January 31, 2008, she could not depose the two witnesses at the times that Heather Deane demanded that the witnesses be deposed.  Defendant now represents that none of the witnesses that Plaintiff wished to depose will be made available for deposition and that any attempts to extend the discovery deadline will be opposed (a copy of the letter setting forth these facts is attached as "Plaintiff's Exhibit K").

Plaintiff just wants to take the depositions to which he was entitled.  Defendant attempted to bar the Plaintiff from doing so before.  However, the court was just enough to not let the Defendant do so.  Understandably Defendant does not want its representatives to be deposed, for it only reveals the pervasive racism at Gallaudet to which employees and its students are subjected.  If only the court could have been at the

5

depositions. Much was uncovered and made apparent that fully buttress Plaintiff's claims that Defendant discriminates in its hiring and promotion policies. Defendant has wrongfully attempted to bar the Plaintiff from taking these depositions because it knows that there is much more to be uncovered. However, Defendant's attempts to prevent its agents from being deposed are against the discovery rules and orders of the court.

    Plaintiff has a very strong showing of good cause: Defendant delayed and refused to make all of its witnesses available, making up grounds to justify its actions. Defendant represented that Plaintiff's request Koppi and Dunn was untimely, yet it was made at the same time as the other witnesses who Defendant agreed to make available. Moreover, the deposition of Jane Fernandez will certainly uncover facts relevant to this action, because it was her promotion to president that sparked the protests, and she worked at Gallaudet at the same time as the Plaintiff and had taken adverse action against the Plaintiff at Gallaudet University. Jane Fernandez was promoted over a more qualified black male, just like the Plaintiff was. Fernandez would have facts likely to lead to relevant information as to the claims and defenses in this action. She certainly is a witness that Plaintiff is entitled to depose.

    Defendant initially agreed and then at the twelfth hour refused to let the Plaintiff take depositions in February. Defendant should not be allowed to escape its obligations to participate in discovery. Plaintiff would like to take the depositions to which he is entitled, and he has supported this request with a strong showing of good cause based on Defendant's willful misconduct.

### III. EFFECT THAT GRANTING PLAINTIFF'S MOTION
### WILL HAVE ON EXISTING DEADLINES

Granting Plaintiff's motion will have no effect on existing deadlines as the court has not set a date for the status conference and has held in abeyance Defendant's Motion for Summary Judgment.

### IV. STATEMENT OF OPPOSING PARTIES' POSITION ON MOTION

Defendant objects to Plaintiff's request to extend the discovery deadline, as detailed in correspondences from the Defendant dated January 30 and 31, 2008 (Plaintiff's Exhibit J and K).

### V. CONCLUSION

Plaintiff asks that the Court permit him to conduct depositions and grant all such just and further relief as the court deems just and proper.

>Respectfully submitted,
>JAMES AKRIDGE
>
>By: ___/s/_____
>      Counsel

C. Sukari Hardnett, Esq.
Law Office of C. Sukari Hardnett
1111 Bonifant Street
Silver Spring, Maryland 20910
Tel: (301) 587-7001