LAW OFFICE OF
## C. SUKARI HARDNETT
1111 BONIFANT STREET
SILVER SPRING, MARYLAND 20910
s.hardnett@verizon.net
Telephone (301) 587-7001
Facsimile (301) 587-7002

January 22, 2008

**VIA FACSIMILE & US MAIL:**
Ariel R. Grayson
BONNER KIERNAN TREBACH & CROCIATA
1233 20TH Street, NW, 8th Floor
Washington, DC 20036

Re:   <u>Akridge v. Gallaudet University</u>
      Case No. 1:06-cv-00346-RMU

Dear Ms. Grayson:

    I am in receipt of your letter dated January 14, 2008, regarding the scheduling of depositions in the action referenced above, including your objections to making certain witnesses available i.e. Stephen Koppi, Lindsey Dunn, Jane Fernandes and Gallaudet's 30(b)(6) Designee. In accordance with Judge Urbina's Order, Plaintiff is entitled to conduct the depositions of the aforementioned agents and representatives of Gallaudet.

    Your objection to making Lindsey Dunn and Stephen Kopi available on the grounds of alleged undue burden and that Plaintiff's request was untimely are without merit. You sent a correspondence dated January 4, 2008, requesting the names of the representatives that Plaintiff wished to depose. On January 9, 2008, Plaintiff sent you a letter identifying the witnesses. You have agreed to make several of the other witnesses who Plaintiff identified in that correspondence available, and Plaintiff requested that these witnesses be made available prior to the close of discovery. Therefore, there is no real basis to your assertion that Plaintiff's request was untimely or that the request is burdensome.

    Additionally, Plaintiff is entitled to depose Jane Fernandes. Plaintiff can obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Courts have defined "relevant" to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or that may be in the case.

Case 1:06-cv-00346-RMU    Document 32-6    Filed 01/31/2008    Page 2 of 2

*January 22, 2008, letter to Ariel Grayson – Page Two (2)*

      Jane Fernandes has relevant information as she is an integral figure in the protests at Gallaudet that erupted regarding the discriminatory hiring and promotion practices that my client endured and which is the basis of his action. Ms. Fernandes worked for Gallaudet, was a beneficiary of those discriminatory policies and practices, and she herself was forced out of Gallaudet after those practices were exposed. Thus, Ms. Fernandes certainly would have information that bears on, or that reasonably could lead to other matters that could bear on, issues that are in the case. Accordingly, Jane Fernandes is a proper deponent.

      Finally, regarding the deposition of Gallaudet's 30(b)(6) Designee(s), I have attached is a notice setting forth the areas of inquiry Plaintiff requests that Gallaudet designate one or more agents or representatives to testify and to provide responsive information. Your letter of January 4, 2008, only requested that Plaintiff identify the representatives that Plaintiff wished to depose. You did not ask for Plaintiff to provide the areas of inquiry for Gallaudet's 30(b)(6) Designee at that time. If you requested that information, Plaintiff would have provided it, as Plaintiff has now so done. Thus, your objection is without merit.

      Ms. Grayson, it is fully apparent that your firm and/or your client are simply refusing to allow the Plaintiff discovery to which he is entitled in bad faith and without justification. This is exactly why Plaintiff had to obtain a court order to extend discovery in order to facilitate these depositions in the first place. Be advised that if you do not produce all of the aforementioned witnesses, I will file a motion to compel the depositions and ask the court to impose sanctions based upon you and/or your client's willful noncompliance and bad faith refusal to participate in discovery.

      I appreciate it if you would let me know your client's position on this matter as soon as possible, so that of necessary I can file the appropriate motion(s) forthwith.

Sincerely yours,

C. Sukari Hardnett, Esq.

*Enclosure: 30(b)(6) Areas of Inquiry*