IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**JAMES C. AKRIDGE**          :

    **Plaintiff,**          :

v.          :          Case No.: 1:06-cv-00346-RMU
                   Judge: Ricardo M. Urbina

**GALLAUDET UNIVERSITY**          :

    **Defendant.**          :

## JOINT REPORT ON THE STATUS OF THE CASE

COMES NOW Defendant Gallaudet University, by and through its counsel, Bonner Kiernan Trebach & Crociata, LLP, and Plaintiff, James Akridge, by and though his counsel, Clarence Connelly, Jr., Esq., and pursuant to the Court's Minute Order of May 27, 2008, respectfully submit this statement as to current status of the case:

1. In accord with the previously entered scheduling Order, discovery in this case closed on January 31, 2008.[1]

2. Prior to the close of discovery, Plaintiff requested to take the depositions of:

- Edgar Palmer;
- Jane Fernandes;
- Stephanie Walden;
- Stephen Koppi;
- Eileen Matthews;
- Lindsey Dunn;
- Sharrell McCaskill; and

---

[1] The discovery deadline was extended by this Court's order of December 10, 2007 for the sole purpose of allowing Plaintiff to conduct depositions of Gallaudet employees which were not completed before the prior close of discovery.

- the University's 30(b)(6) representative.

3. With the exception of Dr. Fernandes, it is the position of the Defendant that all of the witnesses requested by Plaintiff were made available for deposition prior to the close of discovery and on the dates specified by Plaintiff's counsel.

4. Defendant objected to the deposition of Dr. Fernandes on the grounds that it was burdensome and merely intended to harass Dr. Fernandes as Dr. Fernandes had absolutely no involvement in Plaintiff's employment, the interview or hiring process, or Plaintiff's claims.

5. Plaintiff contends that he is entitled to depose Dr. Fernandes, as he believes she has knowledge of facts relevant to this action which could reasonably lead to the discovery of admissible evidence: Dr. Fernandes was the President of Gallaudet at the time, and Plaintiff contends she personally took adverse actions against the Plaintiff at Gallaudet.

6. Defendant contends that any alleged adverse actions taken by Dr. Fernandes were fully discovered and fully litigated in the case of *James Akridge v. Gallaudet University*, U.S.District Court for the District of Columiba, Case No. 1:02CV02058.

7. On January 30, 2008, Plaintiff took the depositions of Sharrell McCaskill, Stephen Koppi, Stephanie Walden, Karen Cooke, and the University's 30(b)(6) representative.

8. Plaintiff contends that he could not complete the deposition of Sharrell McCaskill because Ms. McCaskill could not stay for the full time of her designated deposition due to another commitment.

9. It is Defendant's position that Plaintiff did not complete the desposition of Ms. McCaskill because Plaintiff's counsel began to request that Ms. McCaskill restate answers to

Interrogatories, refused Ms. McCaskill the opportunity to review her answers to Interrogatories, and refused to ask any other questions other than those already posed by written Interrogatories and previously responded to in full.

10. Plaintiff contends he sent the Defendant written notice prior to the expiration of the discovery deadline that the he wished to take the depositions of certain Gallaudet employees on specified dates, but contends that Defendant refused to make two of the witnesses (Stephen Koppi and Edgar Palmer) available on the grounds that the request was untimely. Plaintiff further contends that Defendant initially refused to make its 30(b)(6) Designee available for deposition and contends that although Defendant's 30(b)(6) Designee was made available, she was not at all prepared to testify as to the designated areas of inquiry as required under Rule (30)(b)(6).

11. It is Defendant's position that Defendant's 30(b)(6) Designee testified as to all relevant and unobjectionable areas of inquiry.

12. Plaintiff contends that the parties had also agreed to move some of the depositions to February 2008.

13. Defendant's counsel, Ariel Grayson, exchanged communications agreeing to this, and requested that if Plaintiff wished to move forward with depositions in February, he issue the appropriate notices by 5:00 p.m. on January 31, 2008. However Defendant **never** received Notices of Deposition and they were not issued prior to the close of discovery.

14. Plaintiff contends that on the evening before the first round of scheduled depositions, Defendant's counsel, Heather Deane, indicated that she would not consent to depositions occurring in February 2008 and would oppose any further attempts to take depositions or to extend the discovery deadline.

193736-1

15. Defendant contends that deponents became available on January 31, 2008 prior the close of discovery and requested that Plaintiff conduct the requested depositions prior to the close of the discovery and in compliance with the Court's order.

16. Plaintiff did not go forward with these depositions on January 31, 2008 prior to close of discovery.

17. On February 1, 2008, Plaintiff filed a Motion for additional extension of discovery.

18. Plaintiff contends that it filed said Motion on January 31, 2008, prior to the expiration of the discovery deadline.

19. Plaintiff's Motion for an additional extension of discovery was denied by this Court on February 4, 2008 due to Plaintiff's failure to comply with Paragraph 9 of the Court's standing order.

20. To date, Plaintiff has not refiled his Motion or otherwise attempted to reopen discovery.

21. Plaintiff contends he has contacted chambers and opposing counsel on several occasions in order to schedule the conference required under paragraph 9, but to date Plaintiff has not heard back from the court regarding dates for that conference.

22. Plaintiff contends that an extension of the discovery deadline is warranted so that he may proceed with the depositions Jane Fernandes and other Gallaudet employees who Plaintiff requested to depose.

23. It is Defendant's position that all of the witnesses Plaintiff seeks to depose were made available for deposition on the dates requested by Plaintiff's counsel and before the expiration of the January 31, 2008 discovery deadline. Defendant contends that Plaintiff

193736-1

waived his right to depose these witnesses by failing to complete their depositions as scheduled and within the applicable discovery cut-off date. Defendant further contends that it is Plaintiff's own failure to prosecute his case that leaves him without this discovery material.

24. The parties have been unable to resolve this discovery dispute and require the Court's intervention.

25. Defendant submits that it believes its Motion for Summary Judgment is ripe and requests an opportunity to present oral argument in support thereof..

Respectfully submitted,

/s/
_____
Heather S. Deane, #471834
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, NW
Suite 800
Washington, DC 20036
202-712-7000
202-712-7100 (facsimile)
hdeane@bktc.net
Counsel for Defendant Gallaudet University

/s/
_____
Clarence Connelly, Jr., Esquire
Law Offices of Clarence Connelly
1200 G Street, NW, Suite 800
Washington, DC 20005
Tel: (202) 434-4517
Fax: (202) 434-8707
clarencecnnlly@yahoo.com
Counsel for Plaintiff

193736-1